Form G5 (20210922_bkd)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:  )   Case Number: 18-14064
JOHN T. MCMAHAN,  )
)   Chapter: 7
)
)   Honorable Janet S. Baer
)
)
Debtor(s)  )

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE THE SALE OF PROPOERTY FREE AND CLEAR OF LIENS , CLAIMS , AND ENCUMBRANCES**

Upon the motion (the "Motion") of Thomas Springer (the "Trustee"), not individually but as chapter 7 trustee for the John T. McMahan bankruptcy estate (the "Estate"), seeking entry of an order, pursuant to sections 1363, 541, and 704 of title 11 of the United States Code (the "Bankruptcy Code"): (i) authorizing the Trustee to sell the real property commonly referred to as 348 Red Draw, Edwards, Colorado 81632 to (the "Red Draw Property") to Donald Dean and Straughn Madden Macfarlan (together, the "Proposed Buyers"), free and clear of all liens and encumbrances in accordance with the terms of the Purchase and Sale Contract, as amended by the Motion herein and this Court's Order; (ii) the Trustee to conclude the sale of the Red Draw Property pursuant to section 363 of the Bankruptcy Code (the "Sale"); (iii) the payment of the Commission to the Real Estate Brokers; (iv) the payment of any and all existing liens at and through the closing, or prior to closing if and as needed as determined by the Trustee in order to effectuate final sale of the property; (v) the payment of all normal and customary costs at closing; (vi) the Trustee to pay the claims of Safe Harbor and U.S. Bank; and (vii) the Trustee to escrow the remaining balance of funds subject to any existing Court orders and pending any further orders from this Court, and this Court having found good and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Trustee IS AUTHORIZED to sell the real property commonly referred to as 348 Red Draw, Edwards, Colorado 81632 to the Proposed Buyers free and clear of all liens and encumbrances in accordance with the terms of the Purchase and Sale Contract, as amended by the Motion, with such liens and encumbrances attaching to the proceeds of the sale in the order of priority that exists on the Red Draw Property immediately prior to the consummation of such sale;

3. Pursuant to the Order of this Court dated February 7, 2022 entered in Adversary Proceeding No. 20-00167 [Doc. 71], a copy of which is attached hereto as Exhibit A, and for the benefit of implementation of such order and this Order authorizing and directing the Sale of the Red Draw Property to the Proposed Buyers, the Eagle County Assessor shall modify its records to reflect such property having been transferred by Trinity Green -  Colorado, LLC to the Debtor John T. McMahan and then to the Proposed Buyers, to the extent the Eagle County Assessor determines in its sole and exclusive discretion that such revisions are required under circumstances to effectuate the purposes, intent and direction of this Court's orders.

4. Trustee IS AUTHORIZED to conclude the Sale of the Red Draw Property pursuant to section 363 of the Bankruptcy Code;

5. Trustee IS AUTHORIZED to make payment of the Commission to the Real Estate Brokers from the Sale proceeds;

6. Trustee IS AUTHORIZED to make payment of any and all existing liens at and through the closing, or prior to closing if and as needed as determined by the Trustee in order to effectuate final sale of the Red Draw Property from the Sale proceeds;

7. Trustee IS AUTHORIZED to make payment of all normal and customary costs at closing the Sale of the Red Draw Property from the Sale proceeds;

8. Trustee IS AUTHORIZED to pay the claims of Safe Harbor and U.S. Bank from the Sale proceeds at the closing of the Sale without further order of this Court;

9. Trustee IS AUTHORIZED to escrow the remaining balance of funds subject to any existing orders of this Court and any pending further orders.

10. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rules 9014 and 8002 and rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, as no just reason exists to delay implementation of this Order, any applicable waiting periods (including without limitation, the fourteen (14) day appeal period set forth in Bankruptcy Rule 8002(a)), are hereby waived for all parties. Moreover, the Trustee has articulated good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rules 6004(h) and 6006(d). Trustee and Proposed Buyer have acted in good faith in conjunction with the instant Sale of the Red Draw Property and Proposed Buyer shall be afforded all statutory protections afforded to a good faith purchaser under bankruptcy and other applicable law. This Order shall further remain subject to Section 363(m) of the Bankruptcy Code.

11. Debtor and his wife shall have one month from entry of this order to remove any of their personal property (expressly excluding any fixtures or equipment) from the Red Draw Property, absent further agreement from the Proposed Buyer; provided, however the Proposed Buyer shall receive notice of their request to remove such personal property and have the right to supervise either directly or through their agent, such removal. The Proposed Buyer is also free to discuss purchasing such personal property from the Debtor and his wife prior to the removal of such property.

Enter:

*Janet S. Baer*

United States Bankruptcy Judge

Dated: December 23, 2022

**Prepared by:**
HORWOOD MARCUS & BERK CHARTERED
Aaron L. Hammer, Esq. (6243069)
ahammer@hmblaw.com
Nathan E. Delman, Esq. 6296205)
ndelman@hmblaw.com
Dan Wen, Esq. (6333529)
dwen@hmblaw.com

Form G5 (20210922_bkd)
500 W. Madison, Suite 3700
Chicago, IL 60661
Telephone: (312) 606-3200



Eagle County, CO    202205443
Regina O'Brien            03/28/2022
Pgs: 5                    10:51:00 AM
REC: $33.00   DOC: $0.00

This document was prepared by
and after recording mail to:

Aaron L. Hammer
Horwood Marcus & Berk Chartered
Suite 3700
180 North LaSalle Street
Chicago, Illinois 60601

### FINAL JUDGMENT

Dated February 7, 2022

In Re:

John T. McMahan (Debtor)

v.

Trinity Green – Colorado, LLC (Plaintiff)

Form66 (20200113_apo)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: <br> JOHN T. MCMAHAN, <br> <br> Debtor(s) <br> THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor, <br> <br> Plaintiff(s) <br> TRINITY GREEN – COLORADO, LLC, <br> <br> Defendant(s) | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | BK No.: 18-14064 <br> <br> Chapter: 7 <br> <br> Honorable Janet S. Baer <br> <br> Adv. No.: 20-00167 |

**FINAL JUDGMENT**

This adversary proceeding came before the Court for hearings held on October 13, 2021, December 15, 2021, and February 2, 2022 on the Motion for Summary Judgment [Dkt. No. 54] (the "Motion") filed by Plaintiff Thomas E. Springer, not individually, but as chapter 7 trustee for the bankruptcy estate of John T. McMahan (the "Trustee"). For the reasons set forth in the Order Granting Plaintiff's Motion for Summary Judgment (the "Order"), which is being entered contemporaneously herewith, it is hereby

ORDERED and ADJUDGED THAT:

1. Judgment is entered in favor of Thomas E. Springer, solely in his capacity as the chapter 7 trustee of the bankruptcy estate of John T. McMahan (the "Trustee" or the "Plaintiff"), and against Trinity Green – Colorado, LLC (the "Defendant"), on Counts I, II, and III of the Complaint [Dkt. No. 1].

2. The Trustee has satisfied all elements of a fraudulent transfer claim under 11 U.S.C. § 544(b) and 740 ILCS 160/5-8.

3. The Trustee has satisfied all elements of a constructive fraudulent transfer claim under 11 U.S.C. § 544(b) and 740 ILCS 160/5-8.

4. The Trustee has satisfied all elements of his recovery of avoided transfer claim under 11 U.S.C. § 550.

5. The transfer of the property located at the address commonly referred to as 348 Red Draw in Edwards, Colorado (the "Red Draw Property") made on December 29, 2013, from John T. McMahan (the "Debtor") and Lynn McMahan to the Defendant (including any subsequent or related transactions, the "Red Draw Transfer") is avoided pursuant to 11 U.S.C. § 544(b) and 740 ILCS 160/5-8;

Form 86 (20200113_apo)

6. The Red Draw Transfer is avoided and preserved for the benefit of the bankruptcy estate of the Debtor (the "Estate") in the above-captioned bankruptcy case.

7. All interest in the Red Draw Property will return to the Estate for further administration and title to the Red Draw Property shall hereinafter automatically vest in the Estate, regardless of any transaction or court order to the contrary.

8. The Trustee is authorized to take any steps necessary, pursuant to 11 U.S.C. § 550, to recover said interest, or the value thereof, for the benefit of the Estate.

9. The Trustee is authorized to sell the Red Draw Property for the benefit of the Estate.

10. A monetary judgment is entered in favor of the Trustee and against the Defendant for the full fair market value of the Red Draw Property, an amount not less than $1,980,000.00, which is the uncontested value set forth in the Motion, regardless of the ultimate sale price or other disposition of such property. See Decl. of Diane Freeman (Mot. at Ex. 5). This judgment further awards the Trustee recovery from the Defendant of all costs, fees, and post-judgment interest incurred by the Estate for its administration of the Red Draw Property.

11. This Final Judgment and the related Order may be recorded in the official records of the applicable county, state, or similar administrative or governmental agency to evidence the avoidance and preservation of the transfer with respect to the real property herein referred to as the Red Draw Property and more particularly described as follows:

Subdivision: CORDILLERA SUB FIL 10 Lot: 9

12. The Court shall retain exclusive jurisdiction to hear and determine any disputes arising from or relating to the interpretation, implementation, and enforcement of the terms and provisions of this Final Judgment.

13. The entry of this Final Judgment and its related Order conclude the above-referenced adversary proceeding.

Enter: /s/ Janet S. Baer

Honorable Janet S. Baer
United States Bankruptcy Judge

Dated: February 7, 2022

**Prepared by:**
HORWOOD MARCUS & BERK CHARTERED
Aaron L. Hammer, Esq.
Nathan E. Delman, Esq.
Elysa J. Chew, Esq.
500 W. Madison Street, Suite 3700
Chicago, IL 60661
Phone: (312) 606-3200
ahammer@hmblaw.com
ndelman@hmblaw.com
echew@hmblaw.com

202205443

Case 20-00167    Doc 71    Filed 02/07/22    Entered 02/07/22 13:13:56    Desc Main
Document    Page 3 of 3

Form 86 (20200113_apo)

202205443

## EXHIBIT "A" LEGAL DESCRIPTION

Page: 1 of 1

Account #: ▇
Order Date: ▇
Reference: ▇
Name: JOHN MCMAHAN
LYNN MCMAHAN
Deed Ref: ▇

Index #:

Parcel #: ▇

THE FOLLOWING REAL PROPERTY IN THE COUNTY OF EAGLE, AND STATE OF COLORADO, TO WIT:

LOT 9, CORDILLERA SUBDIVISION, FILING NO. 10, ACCORDING TO THE PLAT RECORDED JANUARY 18, 1994 IN BOOK 630 AT PAGE 263, COUNTY OF EAGLE, STATE OF COLORADO.

SUBJECT TO ALL EASEMENTS, COVENANTS, CONDITIONS, RESERVATIONS, LEASES AND RESTRICTIONS OF RECORD, ALL LEGAL HIGHWAYS, ALL RIGHTS OF WAY, ALL ZONING, BUILDING AND OTHER LAWS, ORDINANCES AND REGULATIONS, ALL RIGHTS OF TENANTS IN POSSESSION, AND ALL REAL ESTATE TAXES AND ASSESSMENTS NOT YET DUE AND PAYABLE.

BEING THE SAME PROPERTY CONVEYED BY DEED RECORDED IN DOCUMENT NO. 201016560, OF THE EAGLE COUNTY, COLORADO RECORDS.



202205443