**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>JOHN T. MCMAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-14064<br><br>Honorable Janet S. Baer |

**RESPONSE TO TRINITY GREEN**
**ENTITIES' OBJECTION TO FEE PETITION**

Horwood Marcus & Berk Chartered ("HMB"), counsel to Thomas E. Springer in his capacity as chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of John T. McMahan (the "Debtor"), hereby submits its *Response to Trinity Green Entities'*[1] *Objection to Fee Petition* (this "Response") to the *Trinity Green Entities' Objection to Fee Petition* (the "Objection") [Dkt. No. 389] and respectfully states as follows:

**ARGUMENT**

This Court should overrule the Objection because: (i) the Trinity Entities lack standing to object to HMB's *Monthly (December 2022) Statement for Interim Compensation and Expense Reimbursement* (the "December Fee Statement") [Dkt. No. 387]; alternatively, (ii) the December Fee Statement demonstrates reasonable compensation for actual, necessary services, the bulk of which (similar to HMB's prior fee statements) were a direct result of the Trinity Entities' disputes and challenges to virtually every action taken by the Trustee in this case over the relevant fee period.

---

[1] *I.e.* Trinity Green LLC, Trinity Green, LLC – 509 Peyton, Trinity Green – Colorado, LLC and Trinity Green, LLC – 1240 N. Damen (collectively, the "Trinity Entities").

6670742/3/18492.004

## DISCUSSION

**A. The Trinity Entities Lack Standing to Object**

HMB hereby incorporates in full its argument regarding standing as stated in HMB's *Response to Trinity Green Entities' Objection to Fee Petition* (the "November Fee Response") [Dkt. No. 383]. As detailed in the November Fee Response, because the Trinity Entities lack any pecuniary interest that could be affected by the allowance or disallowance of the December Fee Statement, the Trinity Entities lack standing to object to the December Fee Statement and this Court should overrule the Objection. *See In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607 (7th Cir. 1998); *In re Ray*, 597 F.3d 871, 874 (7th Cir. 2010).

At this Court's January 25, 2023 hearing on the *Trinity Green Entities' Objection to [HMB's November] Fee Petition* (the "November Fee Objection") [Dkt. No. 375], the Trinity Entities' counsel directly heard this Court's concerns regarding the Trinity Entities' standing to object to HMB's fees. Despite the objector's awareness on the subject, the Objection makes no supporting arguments regarding this threshold issue.

Nor can they, as the Trinity Entities plainly lack the requisite standing to object to the December Fee Statement. "[T]he standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed[.]" *Davis v. Fed. Election Comm'n*, 554 U.S. 724 (2008). Although a case or controversy may exist at the time the litigation is commenced, it must continue at every stage of a proceeding:

> That restriction requires that the party invoking federal jurisdiction have standing—the "personal interest that must exist at the commencement of the litigation." *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (internal quotation marks omitted). But it is not enough that the requisite interest exist at the outset. "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be

extant at all stages of review, not merely at the time the complaint is filed.'"
*Arizonans for Official English, supra*, at 67, 117 S.Ct. 1055.

*Id.* at 732–33.

The Trinity Entities lack of standing moots the Objection. The doctrine of mootness has been described as "the doctrine of standing set in a time frame: [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68, n. 22 (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). The "mootness doctrine requires re-evaluating the standing requirements throughout litigation. If at any point the plaintiff would not have standing to bring suit at that time, the case has become moot." *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 929 (7th Cir. 2013).

For example, in *In re Mushroom Transp. Co., Inc.*, 486 B.R. 148, 154 (Bankr. E.D. Pa. 2013), the bankruptcy court held that an objector to a fee application, who had standing to object at the time the fee objection was filed, was later divested of standing due to events in that bankruptcy proceeding. On that basis, the bankruptcy court explained that it could have held the fee objection moot.[2]

Here, the Trinity Entities currently lack the requisite standing to raise the Objection. Their standing is "contingent" on, *inter alia*: (i) success on their motions to vacate the final judgment orders entered in the related adversary proceedings;[3] (ii) re-litigating these proceedings; and (iii) obtaining some result giving them a pecuniary interest in the outcome.

---

[2] Nonetheless, the bankruptcy court decided to consider the objections in the fee objection under a bankruptcy court's own responsibility to ensure that fees awarded are fair and reasonable.

[3] *See* [20-AP-00165 at Dkt. No. 75; 20-AP-00166 at Dkt. No. 69; and 20-AP-00167 at Dkt. No. 71]

6670742/3/18492.004

Moreover, all fees awarded have been on an interim basis. This Court holds an independent duty to examine and determine whether the fees sought by HMB are fair and reasonable, and this Court will undoubtedly review the fees on a final basis later. As such, this Court should overrule the Objection as the Trinity Entities lack standing to assert a challenge to the December Fee Petition.

### B. HMB's Services Performed Were Reasonable and Necessary

Notwithstanding the Trinity Entities lack of standing, the Objection also fails on its merits. As explained more fully in the November Fee Response, objectors to fee petitions are required to *specifically identify the time or expense objected to and shall state the reason(s) for such objection*. [Dkt. No. 279, at ¶ 2] (emphasis added). The Court independently apprised Trinity Entities' counsel of this requirement at the January 25, 2023, hearing on the November Fee Objection.

Despite unequivocal awareness of this requirement, the Objection again fails to specifically identify *any* specific objectionable time or expense. The Objection mirrors the November Fee Objection and generally objects to the work performed by many individuals as "duplicative, unnecessary and wasteful[]" without identifying specifically what tasks have been duplicated. Objection at ¶ 17.

The Objection does additionally assert that HMB's individual matter filing billing system is "entirely and unnecessarily confusing." Objection at ¶ 14. Again, as noted by this Court, task billing separated by the category of work performed is how fee applications are organized in bankruptcy. Moreover, HMB's method of dividing billing entries into separate categories comports with how fee applications are submitted in larger and more complex bankruptcy

proceedings before this Court.[4] Surely if parties-in-interest can decipher fee applications in complex bankruptcy proceedings, the Trinity Entities should have no issue examining HMB's by-the-book December Fee Statement.[5]

Substantively, the Trinity Entities again fail to acknowledge that the vast majority of the professional fees incurred as reflected on the December Fee Statement directly resulted from HMB responding to Trinity Entities' attempts to hinder and delay the Trustee's sale of the real property commonly referred to as 348 Red Draw, Edwards, Colorado 81632 (the "Red Draw Property"), the real property commonly referred to as 1240 N. Damen, Unit #1, Chicago, Illinois 60622 (the "Damen Property"), and the real property commonly referred to as 509 Peyton St., Geneva, Illinois 60134 (the "Peyton Property," and collectively with the Red Draw Property and the Damen Properties, the "Real Properties").

The Trinity Entities and the Trinity Entities' principal Lynn McMahan's extensive and continuous efforts to complicate, limit and delay the Trustee's ability to sell the Real Properties have necessitated hundreds of hours of legal work and cost the Estate thousands upon thousands of dollars in fees. The Trinity Entities again cry foul at the work needed to respond to *their own* efforts to prevent the Trustee from finalizing the sale of the Real Properties, yet the Trinity Entities fail to acknowledge the cause for these fees. To this day, the sale of the Trustee's pending motion to sell the Peyton Property [Dkt. No. 315], filed nearly four months ago on October 24, 2022, and fully briefed over two months ago [Dkt. Nos. 337, 340] continues to wait for resolution.

---

[4] *See e.g.*, Case No. 17-13886, *In re Central Grocers, Inc. et al.* [Dkt. No. 3674], *Eighth Interim Fee Application of Vedder Price P.C., as Counsel for the Chapter 7 Trustee, for Payment of Interim Compensation and Reimbursement of Expenses during the Period February 1, 2022 through October 31, 2022*.

[5] The Objection also takes issue with different "balance due" amounts in the December Fee Statement, arguing that HMB is claiming "all these amounts are due for December." Objection at ¶11. These amounts are merely reflective of the balance due at the time HMB issued the invoice. HMB only seeks approval for amounts billed in December, as any balances due before December have either already been approved or are subject to an existing court order. The amount sought is clearly identified in the December Fee Statement's cover sheet. *See* Dkt. No. 387 at 1.

6670742/3/18492.004

A review of the December Fee Statement demonstrates that almost the entirety of the services performed were for: (i) drafting responses to objections raised by the Trinity Entities on motions to approve the sale of the Real Properties; (ii) preparing for and participating in a two-day evidentiary hearing on the purchase price of the Red Draw Property; and (iii) finalizing the sale of the Red Draw Property. *See* December Fee Statement.

The Trinity Entities again fail to point to any *specific* allegedly duplicative, unnecessary, or excessive service. The detailed time records and specific billing details in the December Fee Statement demonstrate that the reimbursement sought by HMB is reasonable compensation for actual, necessary services performed for the Estate. Accordingly, this Court should overrule the Objection as improper in form, substance, and without merit.

## **CONCLUSION**

The Estate has finite resources. The Trinity Entities' incessant challenges to the Trustee's and his counsel's actions just creates greater administrative expenses and forces the Estate to expend resources responding to bareboned, non-substantive "objections" from parties without standing. This Court should overrule the Objection.

WHEREFORE, HMB respectfully requests that this Court enter an order: (i) overruling the Objection; (ii) authorizing the Trustee to pay the December Fee Statement in full; and (iii) any additional and further relief as this Court deems fair, just and equitable.

|  |  |
|---|---|
| Dated: February 20, 2023 | Respectfully submitted, |
|  | **HORWOOD MARCUS & BERK CHARTERED** |
|  | */s/ Aaron L. Hammer*<br>Aaron L. Hammer, Esq. (6243069)<br>ahammer@hmblaw.com<br>Nathan E. Delman, Esq. 6296205)<br>ndelman@hmblaw.com<br>Dan Wen, Esq. (6333529)<br>dwen@hmblaw.com<br>500 W. Madison, Suite 3700<br>Chicago, IL 60661<br>Telephone: (312) 606-3200 |
|  | *Counsel to the Chapter 7 Trustee* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 20, 2023, I caused a true and correct copy of the foregoing **RESPONSE TO TRINITY GREEN ENTITIES' OBJECTION TO FEE PETITION,** to be filed with the Court's CM/ECF system and to be served in accordance therewith to all parties receiving electronic noticing.

A copy of this filing was also served electronically to:

Robert Shelist (counsel for the Trinity Entities): robert@shelistlaw.com

By: */s/ Aaron L. Hammer*

7

6670742/3/18492.004