**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JOHN T. MCMAHAN, | ) | Case No. 18-14064 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Janet S. Baer |

**MOTION TO AUTHORIZE DISBURSEMENT OF FUNDS TO THE ADVERSARY
DEFENDANTS AND RESPONSE IN OPPOSITION TO THE TRUSTEES'
DISBURSEMENT MOTION**

NOW COME the former adversary case Defendants, Trinity Green LLC, Trinity Green, LLC – 1240 N. Damen, Trinity Green  LLC – 509 Peyton and Trinity Green – Colorado, LLC, by and through their attorney, Robert J. Shelist of the Law Offices of Robert J. Shelist, P.C., and hereby move this Honorable Court for disbursement of funds from escrow to themselves from the property sales or, in the alternative, for disbursement of those funds to the Plaintiffs in the new, contemporaneously filed, adversary case.  In furtherance of this motion/response, the movants state as follows:

**BACKGROUND**

1.    The Trustee filed three adversary cases in this litigation on April 30, 2020, in case numbers 20-00165, 20-00166 and 20-00167.  The purpose of those actions was to unwind purportedly fraudulent conveyances regarding three pieces of real estate.

2.    The Court entered various orders in the adversary cases that are defective for a number of reasons, as set forth, yet which have become final orders.

3.     Despite those orders being final, the lack of jurisdiction against the true owners of those properties is again, at issue, with respect to disbursement of the sales proceeds of those properties, as detailed herein.

**A.   Adversary Case Number 20-00166 – Geneva, Illinois Real Property**

4.     This case involved certain real property located in Geneva, Illinois real property (located at 509 Peyton, Geneva, Illinois), the subject of adversary case number 20-00166.  However, the complaint filed by the Trustee completely lacked merit and was at all times frivolous, was factually insufficiently pled and resulted in relief that was not warranted by the facts.

5.     For example, in the Trustee's Complaint in that adversary action (Doc. No. 1), it is alleged that title to the subject property was placed into a Chicago Title Land Trust Company Trust, Number 1103213, at some unknown date (Doc. No. 1, ¶ 18).   Next, the Trustee alleged, but only on information and belief and without any actual basis in fact, that the debtor, John McMahan and his wife Lynn were "joint and equal beneficiaries of the Peyton Land Trust."  (*Id.*, ¶ 19.)    Then, the Trustee alleged that the April 28, 2014 transfer of title from the Peyton Land Trust to Trinity Green, LLC–509 Peyton was a fraudulent transfer that should be rescinded with title returning into the land trust (*Id.*, Counts I-III).

6.     However, the evidence incontrovertibly established that there never was any basis in fact for the Trustee's "information and belief" allegations, in his Complaint, in alleging that the debtor, John McMahan, had any beneficial interest in the land trust, of any kind.  Instead, the Trustee's bald conclusions were not well-pleaded factual allegations at all.  Most importantly, the alleged facts turned out to be completely false.

7.     A subpoena for records was issued in the adversary case by the Defendants' counsel to Chicago Title Land Trust Company.  The responsive documents to the land trust company subpoena were then disseminated to the Trustee, his counsel and to the Court.   Those documents incontrovertibly established that the debtor ***never*** was a beneficiary of the Peyton land trust and never had any beneficial ownership of the Geneva property.

8.     To the contrary, the records established that the beneficiary of the land trust was Trinity Development, Inc., an Illinois corporation (whose name was later changed to Trinity Development II, Inc.).  That entity, which must be recognized as being a separate and distinct party from any individual who had a beneficial interest in the entity, was not sued by the Trustee in the adversary case nor did it appear.  No jurisdiction over that entity ever was achieved.

9.     The debtor's wife, Lynn McMahan ("Lynn"), in her individual capacity, has always been the President of that entity.

10.   Since there never was any ownership interest by the debtor in the Trinity Development, Inc. entity nor in the land trust with Chicago Title, no interest in the Peyton property could be transferred to the bankruptcy estate.  For that reason, the Court was always powerless to enter any relief against the entity depriving it of its rightful ownership of the property.

11.   Accordingly, the Court's summary judgment ruling in adversary case 20-00166, entered on February 7, 2022, in favor of the Trustee (Doc. No. 68) as well as the final judgment, were always erroneous.

12.   Movant asserts that the Court made the following unjustified rulings in the summary judgment order based on the false allegations and representations made by the Trustee and his counsel: (1) finding that there was a fraudulent transfer (¶ 2); (2) avoiding the April 28, 2014

3

transfer (¶ 3); (3) finding that the property was received from the debtor, John McMahan, for insufficient value when he was insolvent (¶ 4); (4) entering judgment as a matter of law on all counts of the Trustee's complaint (¶ 5); (6) preserving all interests in the property for the benefit of and returning the same to the bankruptcy estate (¶¶ 6-7); (7) authorizing the Trustee to take all steps to recover the interests for the bankruptcy estate (¶ 8); (8) authorizing the Trustee to sell the property for the benefit of the bankruptcy estate (¶ 9); (9) awarding the full value of the real property to the Trustee in the minimum amount of $337,000.00 (¶ 10); (10) awarding attorney's fees, costs and post-judgment interest to the Trustee (¶ 11); amongst other relief (Doc. No. 74).

13.   These rulings were all based on faulty and insufficient allegations in the Trustee's Complaint, a lack of diligence by the Trustee and his counsel in ascertaining the actual facts, misrepresentations about the facts, breach of fiduciary duties to the Court and the drafting and entry of an order which deprived a non-party of its rightful property interest.

14.   The Trustee also failed to follow the law with respect to fraudulent conveyances. Once the purported fraudulent conveyance was unwound, the next requisite step would have been to reinstate the former title to the property. Here, that would have reinstated title into the land trust. The Trustee, however, never took that requisite step skipping that in its pursuit of summary judgment and the final order. Necessarily, title should have been placed back into the land trust prior to any other disposition. That never occurred and was a breach of the Trustee's fiduciary duty to the Court.

15.   Equally and importantly, there never was a basis to allow the Trustee to sell the property and for the proceeds to be kept for the bankruptcy estate. Nor was there any basis for the award of attorney's fees since the case was always frivolous and contrary to actual facts.

16.    While the summary judgment and final orders are now final, the remaining issue relates to the proceeds for the sale of the Geneva real property and where those funds are to be disbursed.

17.    Simultaneous to the filing of this combined motion and response, the beneficiary of the land trust, Trinity Development, Inc., has filed an adversary action seeking to have the proceeds of the property sale disbursed to it.

18.    In the alternative, the Trustee's motion for disbursement to the bankruptcy estate should be denied and the movants, Trinity Green LLC and Trinity Green, LLC – 509 Peyton, should have the proceeds from the property sale disbursed to them, for the benefit of the actual property owner, Trinity Development, Inc.

### B.    Adversary Case Number 20-00167 – Edwards, Colorado Real Property

19.    This case involved certain real property located in Edwards, Colorado, the subject of adversary case number 20-00166.

20.    The Trustee filed adversary complaint number 20-00167 (Doc. No. 1) alleging a fraudulent transfer of title.  Therein, the Trustee alleged that the debtor, John McMahan and his wife, Lynn, acquired a fee simple interest in the real property on October 18, 2010, which was admitted to be held in joint tenancy (Doc. No. 1, ¶ 14).  The joint tenants then transferred title to the Colorado property to Trinity Green-Colorado, LLC on December 29, 2013 (*Id.*, ¶ 15).  This transaction was alleged to have been fraudulent and the Trustee sought to have it set aside and avoided with the property and its value being claimed for the benefit of the bankruptcy estate (*Id.*, Counts I-III).

21.    The Court then entered summary judgment in adversary case 20-00167 on February 7, 2022, in favor of the Trustee (Doc. No. 69) as well as a final order.  However, there are major

problems with the entered orders.  Critically, if the 2013 conveyance is avoided, title to the real property necessarily had to be reinstated into the joint tenancy, by operation of law, with the joint tenants resuming their roles as co-tenants.

22.  Lynn's 50% beneficial interest could not be impacted in any way by the adversary proceeding and the Trustee never had any legitimate claim whatsoever against her half-interest in the property.  In other words, at most, the Trustee could be awarded only 50% of the proceeds of the sale of the Colorado property for the bankruptcy estate.

23.  Yet, the summary judgment order entered in the adversary case goes much further than what was justified, legally (Doc. No. 69).

24.  The Court made the following improper, unwarranted and specious rulings in that case: (1) preserving all interests in the real property for the benefit of the bankruptcy estate (¶ 6); (2) returning all interests in the property and title to the bankruptcy estate (¶ 7); (3) authorizing the Trustee to sell the property for the benefit of the bankruptcy estate (¶ 9); (4) awarding the full value of the real property to the Trustee in the minimum amount of $1,980,000.00 (¶ 10); (5) awarding attorney's fees, costs and post-judgment interest to the Trustee (¶ 11); amongst other relief (*Id.*).

25.  While the summary judgment and final orders are now final, the remaining issue related to the disbursement of the sale proceeds for that property is yet to be decided.

26.  Since the Court never had jurisdiction over Lynn or her 50% joint tenancy interest in the property, the Court is asked to return and award the proceeds from her ½ interest back to the movant, Trinity Green, LLC – Colorado, for Lynn's benefit.

27.   Simultaneous to the filing of this combined motion and response, Lynn has filed an adversary action seeking to have the proceeds of the property sale disbursed to herself directly, in the alternative.

### C. Adversary Case Number 20-00165 – Damen Avenue, Chicago, Illinois Real Property

28.   This adversary case involved certain real property situated at 1240 N. Damen Avenue, Unit 1, Chicago, Illinois.

29.   In his Complaint, the Trustee alleged that the debtor, John McMahan and his wife, Lynn, acquired a fee simple interest in the real property on September 11, 2007, which was admitted to be held in joint tenancy (Doc. No. 1, ¶ 19).  The joint tenants then transferred title to the property to Trinity Green, LLC-1240 N. Damen on April 3, 2014 (*Id*., ¶ 20).  This transaction was alleged to have been fraudulent and the Trustee sought to have it set aside and avoided with the property and its value being claimed for the benefit of the bankruptcy estate (*Id*., Counts I-III).

30.   The Court then entered summary judgment in adversary case 20-00165 on February 7, 2022, in favor of the Trustee (Doc. No. 74).  Similar to the order entered in case number 20-00167 impacting the Colorado real property, the relief entered was unjustified because the property should have been returned to joint tenancy if a fraudulent transfer was found to have occurred.  The joint tenants, in that instance, should have resumed their roles as co-tenants.

31.   Lynn's 50% beneficial interest should not have been impacted in any way since she was not sued and was not a party to the adversary case.  For that reason, the Trustee never had any legitimate claim whatsoever against her half-interest in the property.

32.   At most, the Trustee is entitled to 50% of the proceeds of the sale of the Damen Street property, for the bankruptcy estate.

7

33.   Yet, the summary judgment order entered in the adversary case goes much further than what was justified, legally (Doc. No. 74).

34.   The Court made the following improper, unwarranted and specious rulings in that case: (1) preserving all interests in the real property for the benefit of the bankruptcy estate (¶ 6); (2) returning all interests in the property and title to the bankruptcy estate (¶ 7); (3) authorizing the Trustee to sell the property for the benefit of the bankruptcy estate (¶ 9); (4) awarding the full value of the real property to the Trustee in the minimum amount of $519,195.00 (¶ 10); (5) awarding attorney's fees, costs and post-judgment interest to the Trustee (¶ 11); amongst other relief.

35.   While the summary judgment and final orders are now final, the remaining issue related to the disbursement of the sales proceeds for that property is at issue.

36.   Since the Court never had jurisdiction over Lynn or her 50% joint tenancy interest in the property, the Court is asked to return the proceeds from her ½ interest back to the movants, Trinity Green LLC and Trinity Green, LLC – 1249 N. Damen, for Lynn's benefit.

37.   Simultaneous to the filing of this combined motion and response, Lynn has filed an adversary action seeking to have the proceeds of the property sale disbursed to herself, directly, in the alternative.

## **ARGUMENT**

38.   While the motions to vacate have been finally decided in the Trustee's favor, it is important to note that the rulings were based on procedural grounds, namely that the Court found the motions to have been untimely filed and outside the time limits proscribed in FRCP 60(b).

39.   Accordingly, the summary judgment orders are final.

8

40.   The issue before the Court now, disbursement of funds in the escrow account, should consider anew the issues of jurisdiction over non-parties and the Trustee's entitlement and request for disbursement of funds to the bankruptcy estate.

41.   Since the Court lacks jurisdiction over the rightful owners of the properties, who are non-parties, Lynn McMahan and Trinity Development, Inc., it lacks the authority to enter any order at all adversely impacting their ownership rights in the properties or their entitlement to their rightful shares of the sales proceeds.  The Court further lacks the ability to strip and deprive them of their property interests.

42.   The Court is asked to either disburse the proceeds of the property sales to the movants, for the benefit of the non-parties, or to disburse the proceeds to those non-parties directly in accord with the adversary complaint.

## CONCLUSION

WHEREFORE, for the reasons contained in this combined motion/response, the former adversary case Defendants, Trinity Green LLC, Trinity Green, LLC – 1240 N. Damen, Trinity Green  LLC – 509 Peyton and Trinity Green – Colorado, LLC, hereby move this Honorable Court for disbursement of funds from escrow to themselves from the property sales, for the benefit of the non-parties, or in the alternative, for disbursement of those funds to the new adversary case Plaintiffs.

Dated:  March 22, 2024

<div style="margin-left:40%;">

Respectfully submitted,

TRINITY GREEN, LLC, TRINITY GREEN, LLC–
1240 N. DAMEN, TRINITY GREEN, LLC – 509
PEYTON and TRINITY GREEN –   COLORADO,
LLC

/s/ Robert J. Shelist

By:_____
     Robert J. Shelist

</div>

Robert J. Shelist
Law Offices of Robert J. Shelist, P.C.
205 N. Michigan Avenue
Suite 810
Chicago, Illinois 60601
(312) 226-0675

## <u>CERTIFICATE OF SERVICE</u>

I, Robert J. Shelist, certify that on March 24, 2024 I caused to be filed the foregoing document with the Clerk of the Court via the CM/ECF system.  I further certify that I caused to be served a true and accurate copy of the foregoing document upon counsel of record in this case, by electronic mail.

Respectfully submitted,

/s/ Robert J. Shelist

By:_____
       Robert J. Shelist

Robert J. Shelist
Law Offices of Robert J. Shelist, P.C.
205 N. Michigan Avenue
Suite 810
Chicago, Illinois 60601
(312) 226-0675