**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 ) |
| JOHN T. MCMAHAN, | ) Case No. 18-14064 ) |
| Debtor. | ) ) Honorable Janet S. Baer |

**RESPONSE IN OPPOSITION TO THE TRUSTEE'S MOTION FOR SANCTIONS**

The respondents, Trinity Green LLC, Trinity Green, LLC – 1240 N. Damen, Trinity Green LLC – 509 Peyton and Trinity Green – Colorado, LLC, Trinity Development, Inc., Lynn McMahan, Robert J. Shelist and the Law Offices of Robert J. Shelist, P.C., hereby respond in opposition to the Chapter 7 Trustee, Thomas E. Springer's motion for sanctions.

**INTRODUCTION**

Contemporaneously with the filing of the motion for sanctions, the Trustee has moved to dismiss the amended adversary case in case number 24-00077. Since the issues in this response overlap with those in the response to the motion to dismiss, the latter response brief is incorporated herein by this reference.

In essence, the Trustee is seeking sanctions for filings made seeking disbursement of a share of the sales proceeds for certain properties that were owned by non-parties to the adversary cases. Had the purported fraudulent transactions been unwound properly, the former tenancies were required to be reinstated, as the law required. However, that was never accomplished.

Instead, the property rights of the non-parties, who were never sued by the Trustee or added as indispensable parties to the adversary cases, were extinguished on a default basis and without

their input or defense. The issue of who the sales proceeds should be distributed to now and in what amounts remains open and unresolved.

In fact, the Court anticipated litigation on that issue via its discussion with counsel at the January 17, 2024 motion hearing. The following exchange took place:

> MR. SHELIST: I'm aware, but this is a procedural question. Over the course of the last year or so, maybe longer, the issue as to what was going to take place with the proceeds of the sales of the property was being reserved. And it was repeatedly said by the court that you're not considering what's going on with the split of the proceeds. That's an argument for a later date.
>
> And while I understand the court's ruling today denying the motions that were pending, that doesn't resolve the issue with respect to the split of the proceeds. There hasn't been any motion filed with respect to that. There hasn't been any ruling with respect to that. And as far as I understand it, that issue is still open.
>
> THE COURT: I think you're correct, and I'm not doing anything on that. I don't do anything unless I've been given a motion, and no motion has been filed. So I would expect that at some point in time motions will be filed to resolve those issues. Until they are, there's nothing really to take up or for me to talk about.

(Transcript of January 17, 2024 hearing, Doc. No. 150, pp. 42-43.)

Thereafter, on February 26, 2024, the Trustee filed his motion to authorize disbursement of funds from the escrow account. To no one's surprise, the Trustee requested that all funds be released to the bankruptcy estate (Doc No. 459).

The Trinity entities, through counsel, objected to the motion and filed their own motion to authorize disbursement of funds based on the ownership interests in those properties of the non-parties, Trinity Development, Inc. and Lynn McMahan ("Lynn"), who never appeared in the adversary actions (Doc No. 469).

At the same time, the non-parties, Trinity Development, Inc. and Lynn, filed their adversary complaint in case number 24-00077 seeking distribution of a share of the escrowed fund via a

declaratory judgment action. Section 9 of Rule 7001 authorizes the filing of a declaratory judgment action in order to recover money or property under Section 1 and/or to determine their interests under Section 2.

Further, 11 U.S.C. § 363, subsection (j) also applies here. That statute provides, as follows: "After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate." The statute permits the sale of the estate's interest in property as well as the interest of a co-owner but the co-owner's interest requires compensation.

In declaratory judgment action 24-00077, the Court is asked to enforce the statutory language of 11 U.S.C. § 363(j) by distributing a share of the property sales proceeds to the debtor's spouse, Lynn, the joint tenant of the debtor and rightful owner of 50% of the proceeds of the Colorado and Damen Avenue properties. Further, the property sales proceeds on the Geneva property are requested to be distributed 100% to Trinity Development, Inc., the sole beneficiary of the land trust maintaining title to the Geneva property.

Here, further litigation is necessary before the Court rules on the distribution of funds from escrow. The Trinity entities, Trinity Development, Inc. and Lynn are taking appropriate steps seeking their distributive shares of the sales proceeds. Despite those facts, the Trustee opines and moves that such actions are frivolous and warrant the imposition of sanctions. However, there is no basis for the requested sanctions and such relief is entirely onerous, unwarranted and should be

rejected. The bottom line is that no harassing or frivolous conduct has taken place justifying the requested extraordinary relief.

## ARGUMENT

**I.  THE AMENDED ADVERSARY ACTION AND MOTION TO DISBURSE FUNDS WERE APPROPRIATE METHODS OF SEEKING A DISTRIBUTIVE SHARE OF THE ESCROWED FUNDS. ACCORDINGLY, THERE IS NO BASIS FOR SANCTIONS.**

In the amended adversary complaint (the "Complaint"), the Plaintiffs seek declaratory relief from the Court declaring to whom and in what amounts the money held in escrow should be distributed. With respect to the Geneva property, Paragraph 12 of the Complaint seeks the distribution of the proceeds back to the beneficiary of the land trust, Trinity Development, Inc.

> 12. Since title to the Geneva property rightfully belongs to that entity, necessarily, the proceeds of the sale of that property equally belong to the entity. Accordingly, the proceeds should be disbursed from escrow to the beneficial owner of the land trust, Trinity Development, Inc.

For the Colorado property, the Complaint seeks distribution of one-half of the proceeds from the property sale to Lynn, who was a joint tenant in the property owning 50% of the property along with the debtor, alleging as follows:

> 19. Since title to the Colorado property rightfully must be restored in the joint tenancy after the purported fraudulent conveyance is unwound, necessarily, 50% of the proceeds of the sale of that property belongs to Lynn. Accordingly, 50% of the proceeds should be disbursed from escrow to Lynn.

The Complaint alleges, with respect to the Damen Avenue property in Chicago, Illinois, that Lynn is entitled to receive one-half of the proceeds of the property sale as a joint tenant of the debtor, as follows:

> 26. Since title to the Damen Avenue property rightfully must be restored in the joint tenancy after the purported fraudulent conveyance is unwound, necessarily,

50% of the proceeds of the sale of that property belongs to Lynn. Accordingly, 50% of the proceeds should be disbursed from escrow to Lynn.

In essence, the Complaint seeks declaratory relief and a distributive share of the proceeds of the property sales. This is an entirely proper filing under the bankruptcy rules that permits the filing of an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure. That rule provides, in pertinent part, as follows:

The following are recognized adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d);

(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), 1 (a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

Here, the adversary plaintiffs are seeking a declaratory judgment under Section 9 of Rule 7001 in order to recover money or property under Section 1 and/or to determine their interest in the escrowed fund under Section 2.

The Complaint is also justified under 11 U.S.C. § 363, subsection (j) which requires that the Trustee distribute funds to other co-owners of the properties. Here, the debtor's spouse, Lynn, was the joint tenant of the debtor and rightful owner of 50% of the proceeds of the Colorado and Damen Avenue properties. She should be entitled to one-half of the proceeds of the sales of those properties under this statute. Distribution of the proceeds from the sale of the Geneva property should be distributed 100% to Trinity Development, Inc., the sole beneficiary of the land trust that owned that property.

The motion for distribution also properly seeks to enforce the non-parties' interests in the subject properties.

The bottom line is that the pending claim and motion are well-based in both fact and law and are not frivolous especially since the Court acknowledged that further litigation was imminent and expected on the issue of the distribution of the sales proceeds from escrow. Something had to be filed in response to the Trustee's motion for distribution to the esate. Apparently, the Trustee is advocating that nothing should have been filed, that the respondents should have just acquiesced to their property being converted without compensation by standing pat or with their heads in the sand. That, however, was never realistic.

Lastly, if the Court decides to dismiss the current Complaint in the new adversary case, leave has been sought to file an amended complaint specifying that the action is brought under Section 9 of Rule 7001 and under 11 U.S.C. § 363, subsection (j). Certainly, an action filed specifying that

6

it was being brought under those provisos would state a legally cognizable claim and obviate the motion for sanctions.

## II. THE DOCTRINE OF RES JUDICATA IS WHOLLY INAPPLICABLE HERE, DOES NOT JUSTIFY DISMISSAL OF THE AMENDED ADVERSARY COMPLAINT NOR DOES IT JUSTIFY SANCTIONS.

In the Trustee's motion to dismiss, he seeks dismissal of the amended adversary Complaint based on the doctrine of res judicata. The response to the motion to dismiss is incorporated herein as there is an overlap of issues here. Some of the arguments against dismissal are also salient in opposition to the motion for sanctions and are highlighted herein.

First, procedurally, there is no basis to dismiss or for sanctions based on the doctrine of res judicata. Res judicata is an affirmative defense, *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008), of which the defendant bears the burden of pleading and proof, *Rooding v. Peters*, 92 F.3d 578, 580 (7th Cir. 1996) (placing the burden of proof of the affirmative defense on the defendant). *See also* FRCP 8(c) which recognizes that res judicata is a recognized affirmative defense which a party must affirmatively state in order to achieve claim preclusion.

A Rule 12(b)(6) motion to dismiss is not the proper method to adjudicate an affirmative defense. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)(such dismissal motion is improper because it turn on facts not before the court; therefore, a defendant is unable to meet his or her burden of proof).

Moreover, via the Trustee's dismissal motion, he attempts to wrongfully place the pleading burden and onus on the Plaintiffs to establish facial plausibility of the Complaint when the burden rests with him to file a res judicata affirmative defense and then prove the applicability of that defense. Since res judicata is an affirmative defense, the pleading burden can not be shifted to the

Plaintiffs to establish *Twombly*'s plausibility for their filing when it is the Trustee's burden to establish its affirmative defense. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).

Even disregarding the procedural deficiency of the Trustee's dismissal argument, for a moment, there is no substantive basis either for a finding of res judicata. Res judicata requires the following showing: "(1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) the same cause of action, and (3) the same parties or their 'privies.'" *Chi. Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales, Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011) (quoting *Hudson v. City of Chi.*, 889 N.E.2d 210, 217 (Ill. 2008)). If these three elements are met, then "res judicata will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Id.* (quoting *Hudson*, 889 N.E.2d at 217). However, if even one of the elements are missing, then res judicata does not apply. Here, none of the elements for a res judicata finding can be met.

With respect to the first res judicata element, there has been no final judgment on the merits rendered with respect to all of the issues contained in the adversary cases. On January 17, 2024, the Court entered orders denying the movants' motions to vacate the summary judgment and final orders. Yet, the litigation continues with respect to the distribution of the property sales proceedings. The Court recognized at the January 17, 2024 hearing that further litigation was anticipated and needed (Doc. No. 150, pp. 42-43.) Here, relitigation is not being sought on previous issues. Rather, there is a discreet issue that remains unresolved and that is the nature of the claim and motion presented. Since the litigation continues, there is no finality for res judicata purposes.

The second res judicata element does not apply because there are two disparate matters that do not involve the same cause of action. In the adversary cases, the Defendants sought to vacate and set aside the default summary judgment and final orders pursuant to Rule 60. The new amended adversary action differs markedly since the claim seeks a declaration of rights under Rule 7001 and distribution under 11 U.S.C. § 363, subsection (j). Those are entirely different actions.

The third requirement for a res judicata finding is that the same parties or their privies must be involved in both cases. Such a finding can not be made here because the parties are different and can not be substituted for each other. Federal courts apply a "functional approach" to determine whether parties are in privity, "focusing on the general question of whether the earlier parties were in some sense proper agents for the later parties," to justify binding the result for the first party to the second party. *See Tice v. American Airlines*, 162 F.3d 966, 971–72 (7th Cir.1998) ; *Studio Art Theatre v. City of Evansville* , 76 F.3d 128, 131 (7th Cir.1996) (explaining that one factor courts consider when determining privity is whether the parties in the two suits could be exchanged for one another, with their interests remaining sufficiently represented).

Here, the parties to the two actions are entirely different. The earlier adversary action and the current motion to release funds involve the Trinity Green entities that owned certain real estate, each one owning a separate property, namely Trinity Green, LLC – 1240 N. Damen, Trinity Green LLC – 509 Peyton and Trinity Green – Colorado, LLC. The amended adversary Plaintiffs are different, Trinity Development, Inc. and Lynn, who should have been of title after the fraudulent conveyances were unwound. For some unexplained reason, that necessary step was not taken. However, the saline point for purposes of this motion is that those parties are not in privity with the Trinity entities for res judicata purposes. The Trustee has presented no evidence establishing that

9

they are the same parties or could be exchanged for each other. The record suggests otherwise as Lynn's son, Paul Stege, is an officer and co-owner of Trinity Development, Inc. The other Trinity entities have different, hierarchal structures, different officers, different business purposes and different ownership.

The Court is charged with construing the facts in the light most favorable to the amended adversary Plaintiffs. When those facts are so construed, there is no basis to dismiss on res judicata grounds. For that same reason, there is also no basis for sanctions.

Even if the filings are dismissed on res judicata grounds, there still would be no basis for sanctions. Rather, further litigation was always contemplated by the Court on the issue of the distribution of funds from escrow. If the funds are ordered to be distributed to the bankruptcy estate, that does not automatically mean that the filings were frivolous. To the contrary, the movants and adversary Plaintiffs are seeking their day in Court related to the open and unresolved distribution issue. In no way, were the filings frivolous are designed to harass. That is an unsubstantiated and unwarranted leap in logic.

### III. SANCTIONS ARE NOT WARRANTED HERE AGAINST THE PARTIES OR COUNSEL.

In his motion, the Trustee acknowledges that Rule 11 sanctions are rare and an extreme remedy but nevertheless seeks sanctions here for what he deems to be "bad faith litigation." (Trustee's motion, ¶ 86.) In support of the motion, the Trustee argues that sanctions should be entered both due to frivolous filings and for filings which purportedly were made for an improper purpose (*Id.*, ¶ 89.) However, no such finding is warranted here.

The Trustee first argues that the recent filings violate Rule 11(b)(2), (3), as being allegedly frivolous, because a cause of action was not alleged in the Complaint, because the requested relief

10

is barred by res judicata and the doctrine of quasi-judicial immunity precludes the claim/motion (*Id.*, ¶¶ 90 *et passim*).  Respondents beg to differ.

The Complaint asserts a new cause of action for declaratory judgment under Rule 7001 and distribution of funds to the spouse of the debtor as well as to a land trust under 11 U.S.C. § 363, subsection (j).  This represents new actions to which res judicata can not apply.

The Trustee seeks sanctions for allegedly bringing res judicata barred claims (Trustee's motion, ¶ 108).  However, the Trustee is ignoring the fact that further litigation is needed to resolve the issue of the distribution of the funds in escrow, which remains open and unresolved from the earlier adversary cases.  Under his misguided view, **ANY** filing at all would be sanctionable.  That argument has to fail because distribution of the proceeds from escrow remains on the table and further litigation was always contemplated on that issue.  For that reason, res judicata can not apply. Equally, there is no just basis for sanctions under Rule 11(b)(2), (3).

With respect to the disbursement motion, the Trustee argues that sanctions are applicable because the movants only satisfy two of the three prongs for standing. In Paragraph 113, the Trustee acknowledges that the movants have suffered an injury in fact and that the parties are closely related.  The Trustee contests whether or not there is a hindrance to Lynn pursuing her own claim.

That contention, however, is curious.  On the one hand, the Trustee has argued that the amended adversary Complaint should be dismissed and is frivolous because Lynn has no cause of action of her own.  On the other hand, the Trustee contends that there is no basis for the disbursement motion because Lynn should pursue her own action. Those conflicting arguments can not be reconciled. There has to be some good faith mechanism for Lynn to challenge the Trustee's disbursement motion especially in light of the fact that the issue remains open and unresolved.  That

11

is precisely what the movants/Plaintiffs are pursuing at this time, a challenge to the Trustee's disbursement motion via a declaratory judgment, which is authorized under Rule 7001. Distribution is also sought pursuant to 11 U.S.C. § 363, subsection (j). Under no set of circumstances should it be found that the parties have engaged in harassing conduct for claims to their rightful share of property sales proceeds held in escrow.

Next, the Trustee argues that sanctions should be awarded under Rule 11(b)(3) because of erroneous allegations allegedly made in the amended adversary action. Therein, it is alleged that the Trustee failed to do his homework to acquire the land trust documents from the land trustee, Chicago Title, to determine the beneficial owner of the land trust. That could have been accomplished via subpoena. In addition, it is alleged that the Trustee never took the requisite step to resume the former tenancies once the fraudulent transfers were unwound. That was a necessary step to take prior to the entry of the orders seizing those properties for the bankruptcy estate. The Court is asked to determine the distribution of the sales proceeds under Rule 7001 and 11 U.S.C. § 363, subsection (j).

Despite skirting its obligations in the adversary action to reinstate the former tenancies, the Trustee attempts to shift the blame from his failure to acquire the Chicago Title documents and determine the owner of the land trust by arguing that the McMahans stonewalled discovery (Trustee's motion, ¶¶ 127-28). The bottom line is that the Trustee failed to take steps on his own to determine the rightful owner of the Geneva property which could have been accomplished, easily, with the issuance of a subpoena, similar to what counsel did in the adversary cases.

Next, the Trustee makes factual arguments about whether or not the debtor had an ownership interest in the Geneva property (*Id.*, ¶¶ 130-33). These arguments highlight that factual issues may

exist as to what, if any, interest the debtor had in the Geneva property. Those arguments alone made by the Trustee justify the Court holding an evidentiary hearing with respect to ownership of that property prior to determining distribution from that property sale. Similarly, since a fact issue exists as to ownership of that property, per the Trustee, there is no basis for the imposition of sanctions for purported improper pleadings.

The Trustee next argues that sanctions should be imposed pursuant to Rule 11(b)(1) because the March 2024 amended adversary Complaint and disbursement motion filings purportedly were done for an improper motive (*Id.*, ¶¶ 140-49). In that section of the motion, the Trustee concludes that their purpose was "to further delay and hinder the Trustee's efforts to administer the Estate, harass the Trustee and his counsel, run up litigation costs, and make the prospect of finishing the administration of Estate assets so unappetizing that the Trustee will eventually relent and agree to an unreasonable settlement."

However, there is no evidence offered to support that blanket assertion or to prove wrongful intent. Moreover, that has never been the intent of the parties since attorney Shelist has been of record. Counsel can not speak to earlier litigation in the case or the conduct of other attorneys. But, since he filed his appearance, the sole purpose of the litigation has been to attempt to vacate onerous and unfair default orders that were entered long before counsel's appearance, to achieve the return of the properties or sales proceeds from those properties to the rightful owners and seeking fairness that has thus far been avoided in the global litigation. There has never been any other untoward purpose, contrary to the Trustee's pronouncement.

Not only are the Trustee's conclusions unsupported by the facts, equally, there is nothing in the record to establish any untoward intentional purpose. At a minimum, an evidentiary hearing

13

should be conducted on this issue prior to the issuance of any sanctions. There was never an improper purpose in any filings since attorney Shelist has been in this case and equally there never was an intent to harass anyone, delay the proceedings or for any other improper purpose.

Lastly, the Trustee seeks sanctions under Rule 1927. Under that Section, sanctions can be awarded against an attorney for *intentional* bad acts to deter frivolous litigation and abusive practices. The Trustee cites to *Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of Fox Masonry & Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998) in support of his request for sanctions. However, the egregious conduct by counsel in that case does not compare to or justify the imposition of sanctions here.

Sanctions were entered in the *Fox Valley* case because counsel engaged in wrongful conduct which included evading service of process, giving untrue sworn testimony in his affidavit regarding service of process, failing to file an appearance, filing baseless appeals with the intent to delay the proceedings, incorporating Tri-State Masonry in an attempt to keep Pride of the Fox from having to pay its debts, and seeking shelter of bankruptcy for Pride of the Fox to attempt to avoid a contempt proceeding. By contrast, attorney Shelist did none of the things found sanctionable in *Fox Valley*. Counsel only filed motions and claims seeking to vacate the default summary judgment and final orders and seeking distribution of funds from the escrow account, an open and unresolved issue. That conduct hardly compares to the intentional wrongful conduct found in *Fox Valley*.

In another case cited by the Trustee, *In re Volpert*, 110 F.3d 494, 500–01 (7th Cir. 1997), a $1,000 sanction was appealed by an attorney for repeatedly filing untimely responsive pleadings and repeatedly failing to give notice of pleadings to opposing counsel. That type of conduct never

occurred here. Rather, the facts do not justify a sanction here and eliance upon that case is misplaced.

Here, the Trustee has to establish intentional bad acts by counsel in order to justify Rule 1927 sanctions. There are no such intentional bad acts, however, that would warrant a sanction. This is especially true since the issue of the disbursement of funds is open and unresolved at present. That fact alone obviates a sanctions finding.

Lastly, it should be noted that the attorneys for the parties engaged in discussions to avoid a sanctions motion after the safe harbor letter was sent. The movants/claimants had no interest in withdrawing their motion/claims. Counsel then moved to withdraw from further representation as a means to avoid the filing of a sanctions motion. Yet, the Trustee persisted in his pursuit by filing the instant motion. The fact is that the Trustee is the one expanding the litigation by filing and pursuing sanctions rather than wrapping things up with the disbursement proceedings.

The bottom line is that there has been no sanctionable conduct committed here and certainly no intentional bad acts. As such, the sanctions motion should be denied.

## **REQUEST FOR OVERLENGTH BRIEF**

The motion for sanctions filed by the Trustee is forty plus pages long and presents numerous arguments that must be responded to in opposition.

Local Rule 9090-3(F), governing omnibus hearings, motions, and briefs, provides that a request to file a motion or a brief in excess of 15 pages can be made in the filing itself.

Cause exists to allow an oversize brief in opposition to the motion to allow the Court to consider the law on the various issues presented. No prejudice would exist to the Trustee if the

relief requested is granted especially in light of the fact that the Trustee himself is seeking the same relief in filing an overlength motion.

Dated: July 9, 2024

                                Respectfully submitted,

                                TRINITY DEVELOPMENT, INC., an Illinois corporation and LYNN MCMAHAN

                                /s/ Robert J. Shelist

                                By:_____
                                      Robert J. Shelist

Robert J. Shelist
Law Offices of Robert J. Shelist, P.C.
205 N. Michigan Avenue
Suite 810
Chicago, Illinois 60601
(312) 226-0675

## CERTIFICATE OF SERVICE

      I, Robert J. Shelist, certify that on July 9, 2024 I caused to be filed the foregoing document with the Clerk of the Court via the CM/ECF system. I further certify that I caused to be served a true and accurate copy of the foregoing document upon counsel of record in this case, by electronic mail.

      Respectfully submitted,

      /s/ Robert J. Shelist

      By:_____
          Robert J. Shelist

Robert J. Shelist
Law Offices of Robert J. Shelist, P.C.
205 N. Michigan Avenue
Suite 810
Chicago, Illinois 60601
(312) 226-0675